IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DONALD DEAN BIEDERMAN, JAMES R. WILSON, and PAUL CAMPBELL, | CV 18-00126-GF-BMM-JTJ |
| Plaintiffs, | ORDER |
| vs. | |
| CORECIVIC, MDOC, and DOJ EMPLOYEES OF CROSSROAD CORRECTIONAL CENTER, | |
| Defendants. | |

Plaintiffs Donald Biederman, James Wilson, and Paul Campbell, prisoners proceeding without counsel, signed and filed a proposed Complaint alleging that Crossroads Correctional Center does not follow Bureau of Prison, American Bar Association, and/or the American Corrections Association's prison guidelines in violation of the United States Constitution. (Doc. 2.) Plaintiff Biederman also filed an affidavit which has been construed as a motion for the appointment of counsel. (Doc. 3.) Plaintiffs will be required to proceed separately on their own claims and the motion for appointment of counsel will be denied.

**I. Severance**

Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion

1

or on its own, the court may at any time, on just terms, add or drop a party . . . [or] sever any claim against a party." Fed. R. Civ. P. 21. Courts have broad discretion regarding severance. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1297 (9th Cir. 2000). Courts disagree as to whether it is permissible for multiple pro se prisoner-plaintiffs to join their claims together in one action or whether each pro se plaintiff must pursue a separate action. The Ninth Circuit has not addressed the issue. The Third and Seventh Circuits have allowed multiple prisoner-plaintiffs to proceed together under Rule 20 of the Federal Rules of Civil Procedure's permissive joinder rule. *See Hagan v. Rogers*, 570 F.3d 146, 152–57 (3rd Cir. 2009); *Boriboune v. Berge*, 391 F.3d 852, 856 (7th Cir. 2004). The Eleventh Circuit, however, in *Hubbard v. Haley*, 262 F.3d 1194, 1197–98 (11th Cir. 2001) precluded multiple-prisoner plaintiffs from proceeding under Rule 20. *See Hubbard*, 262 F.3d at 1198.

Finding the reasoning of the *Hubbard* case more persuasive, it has been the practice in this District to not allow multiple pro se prisoner-plaintiffs to proceed together in a single action. *See, e.g.,* United States Magistrate Judge Carolyn Ostby's Orders in *Brown v. Schweitzer, et al.*, CV-05-28-H-DWM-CSO (D.Mont. June 9, 2005); *Swenson v. MacDonald*, No. CV 05-93-GF-SEH-CSO (D. Mont. Jan. 30, 2006); and the undersigned's Order in *Worm v. Berkebile, et al.*, No. CV

15-00031-GF-BMM-JTJ (D. Mont. June 16, 2015) and *Allison v. Parole Board Director, et al.*, No. CV 17-00006-H-DMM-JTJ (D. Mont. December 12, 2016).

There are several reasons for this practice. First, 28 U.S.C. § 1915(b)(3) provides that "[i]n no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action." The Court in *Hubbard* reasoned that the permissive joinder rule in Rule 20 of the Federal Rules of Civil Procedure "actually conflicts" with the PLRA's requirement that prisoner-plaintiffs pay the full filing fee. The court concluded that, in the context of prisoner cases, the latter-enacted statute, 28 U.S.C. § 1915(b)(1), repeals the earlier-enacted rule. Consequently, the Eleventh Circuit precluded multiple prisoner-plaintiffs from proceeding under Rule 20. *Hubbard*, 262 F.3d at 1198; *c.f. Hagan*, 570 F.3d at 155 (having each joined IFP litigant to pay a full filing fee by installment harmonizes the PLRA with Rule 20 and § 1915(b)). Despite the contrary authority in *Hagan*, this Court believes that *Hubbard* presents the stronger argument. Rule 20 is a permissive rule – plaintiffs may join their claims in one action – while the financial scheme of the PLRA is mandatory in nature. Prisoner-plaintiffs must pay the full filing fee, even if they are granted leave to proceed in forma pauperis, but each prisoner-plaintiff in a multiple-plaintiff action cannot be made to do so without running afoul of § 1915(b)(3)'s imperative that

3

the amount of the fee collected must not exceed the fee imposed for "commencement of a civil action." If multiple prisoner-plaintiffs proceed together in one action and each pays the full filing fee, the amount of the fees collected in that action will exceed the amount permitted by statute for the commencement of a civil action. Severance is consistent with 28 U.S.C. § 1915(b)(1) and (3). If each plaintiff is required to pursue their case alone, the amount of the fees collected in each action will never exceed the amount permitted by statute for the commencement of a civil action.

The second reason for not allowing multiple pro se prisoners to proceed together in one action is based upon Rule 11 of the Federal Rules of Civil Procedure which provides:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or

>discovery; and
>(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). A prisoner litigating on his own behalf takes the risk that one or more of his claims may be deemed sanctionable under Fed.R.Civ.P. 11. A prisoner litigating jointly under Rule 20 takes those risks for all claims in the complaint, whether or not they concern him personally. Rule 11 requires all unrepresented plaintiffs to sign the complaint, and the signature conveys all the representations specified by Rule 11(b) for the entire complaint. Yet a pro se litigant has no authority to make assertions on behalf of anyone else; only an attorney may do that. To suggest that a pro se prisoner-plaintiff can be penalized under Rule 11 for, say, inaccurate factual statements made by another prisoner-plaintiff is to suggest that each plaintiff acts for the others in some way.

A Rule 11 sanction would be inappropriate if assessed against a pro se prisoner-plaintiff who could not conduct a reasonable investigation into the truth of a co-plaintiff's allegations. Generally the only investigation a prisoner could conceivably accomplish is questioning co-plaintiffs regarding what happened. Prisoners do not have unencumbered opportunities to question witnesses, who are most frequently officers or staff with considerable authority over the investigating

plaintiff. It would be unduly harsh to sanction one prisoner if another prisoner inaccurately states the basis of his claims.

Third, there is a concern regarding the issuance of strikes pursuant to 28 U.S.C. § 1915(g). This statute limits to three the number of complaints or appeals filed in forma pauperis that were "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted" (the so called "three strikes rule"). This language refers to the complaint or appeal as a whole; thus when a complaint or appeal is found to be "frivolous, malicious, or fails to state a claim upon which relief may be granted," all plaintiffs would incur strikes. The statute does not impose strikes on a per-claim basis but on a per-case basis. *See* 28 U.S.C. § 1915(g) (requiring district court to impose a strike when an "action" is frivolous, malicious, or fails to state a claim). Consequently, if all pro se prisoner-plaintiffs in joint litigation are deemed to act as one, Rule 20 actually limits a frivolous claimant's exposure under § 1915(g) if his claims are joined with others that may be meritorious. A pro se prisoner-plaintiff litigating alone receives a strike if he earns it; the same plaintiff litigating jointly might avoid a strike because someone else did not earn it.

Fourth, there are a number of practical difficulties of joint litigation among pro se plaintiffs. Inmates litigating together have no guarantee that they will all

remain at the same prison or in the same area of a prison during the course of the lawsuit.  In addition, pro se prisoner-plaintiffs in a multiple-plaintiff case would be required to serve every other pro se prisoner-plaintiff as well as any defendants with every document filed.  Fed. R. Civ. P. 5.  Finally, every time a document needed to be filed it would need to be circulated among all plaintiffs for signing. Neither the Court nor any litigant would have any way of knowing whether a later signing plaintiff altered the document in some way.

Severance avoids these issues.  It forecloses pro se prisoner-plaintiffs from an opportunity available to other civil litigants under Fed. R. Civ. P. 20, but it does so in a way that effectuates the filing fee and three-strikes provisions of 28 U.S.C. § 1915, as well as avoiding all appearance of impropriety in terms of one pro se plaintiff acting for others.  In light of the requirement that each plaintiff pay the filing fee, pro se prisoner-plaintiffs appear to suffer no disadvantages if they are not permitted to proceed jointly under Rule 20.  Those pro se prisoner-plaintiffs who act in good faith or who bring potentially meritorious claims are not penalized.  Any benefit prisoner-plaintiffs may enjoy in proceeding as co-plaintiffs in an action are not thwarted by requiring them to proceed in separate actions. Nothing would prevent the plaintiffs from coordinating their litigation and proceeding simultaneously and in parallel fashion, to the extent their institutional

7

placement permits them to do so. Also, the Court could order the consolidation of cases, under appropriate circumstances, to make discovery and trial more efficient for the litigants. Further, prisoner-plaintiffs are protected from the Rule 11 sanctions that may be invited by others. Also, if they are not required to serve multiple other plaintiffs in the same action, plaintiffs save on postage and copying – considerable expenses for most prisoners – and probably experience less delay in resolution of their claims.

Therefore, Plaintiffs' claims shall be severed. Plaintiff Biederman shall proceed as the sole plaintiff in this action and a new action shall be opened for Plaintiffs Campbell and Wilson. The Court notes that attached to the Complaint is a seven-page document containing the signatures of a number of other inmates. (Doc. 2-2.) It is unclear from this filing whether the individuals who signed this document also intended to be named as plaintiffs but since they were not named in the caption of the case, the Court has not considered them as plaintiffs in this action. To the extent, these individuals wish to file their own action, they may do so. All Plaintiffs will be solely responsible for prosecuting their own actions.

## II. Motion for Appointment of Counsel

A judge may only request counsel for indigent plaintiffs under "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017

(9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision.

*Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted). Many indigent plaintiffs might fare better if represented by counsel, but this is not the test. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997)(*withdrawn in part on other grounds on rehearing en banc by Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998). Plaintiffs representing themselves, or "pro se litigants," are rarely able to research and investigate facts easily. This alone does not deem a case complex. *See Wilborn*, 789 F.2d at 1331. Factual disputes and anticipated examination of witnesses at trial does not establish exceptional circumstances supporting an appointment of counsel. *Rand*, 113 F.3d at 1525.

Mr. Biederman has not made a showing of exceptional circumstances. There has been no showing of a likelihood of success on the merits or that he will be unable to articulate his claims pro se. The motion to appoint counsel will therefore be denied.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Mr. Biederman's Motion for the Appointment of Counsel (Doc. 3) is DENIED.

2. Plaintiffs' claims are severed. Mr. Biederman shall proceed as the sole plaintiff in case number 18-cv-00126-GF-BMM-JTJ. Mr. Wilson and Mr. Campbell shall be terminated as plaintiffs in this case.

3. The Clerk of the Court is directed to:

    a. Open separate prisoner civil rights actions for Mr. Wilson and Mr. Campbell;

    b. File and docket a copy of the proposed Complaint (Doc. 2) filed in this action in the new actions opened for Mr. Wilson and Mr. Campbell;

    c. File and docket a copy of this Order in the new actions opened for Mr. Wilson and Mr. Campbell; and

    d. Send each Plaintiff a Notice of Case Opening indicating the case number assigned to his own individual action.

4. At all times during the pendency of this action, Plaintiffs must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the

action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

DATED this 22nd day of October, 2018.

 */s/ John Johnston*  
John Johnston  
United States Magistrate Judge